**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**BUFFALO DIVISION**

| | | |
|---|---|---|
| PATRICIA NOWAKOWSKI | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC. | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4.      Plaintiff, Patricia Nowakowski ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Niagara, and City of Niagara Falls.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     Defendant, NCO Financial Systems, Inc ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.     Within one (1) year preceding the date of this Complaint, Defendant made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12.     Within one (1) year preceding the date of this Complaint, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from

Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13.    At some point prior to April 18, 2012, GE placed account ending in 0548 with Defendant NCO Financial Systems, Inc. ("NCO") for collections.

14.    At the time of placement, NCO did not have permission to place telephone calls to Plaintiff's cellular telephone.

15.    In connection with the collection of an alleged debt in default, NCO placed a non-emergency call to Plaintiff's cellular telephone on May 28, 2012 at 9:38 A.M., and at such time, left a voicemail message containing 4 seconds of dead air.

16.    In its May 28, 2012 voicemail message, NCO failed to notify Plaintiff that the communication was from a debt collector.

17.    In its May 28, 2012 voicemail message, NCO failed to disclose its true corporate or business name in a telephone call to Plaintiff.

18.    In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its May 28, 2012 voicemail message, NCO failed to meaningfully disclose its identity to Plaintiff.

19.    In connection with the collection of an alleged debt in default, NCO placed a non-emergency call to Plaintiff's cellular telephone on June 1, 2012 at 8:35 P.M., and at such time, left the following voicemail message:

"…Hello…"

20.    In its June 1, 2012 voicemail message, NCO failed to notify Plaintiff that the communication was from a debt collector.

21.    In its June 1, 2012 voicemail message, NCO failed to disclose its true

corporate or business name in a telephone call to Plaintiff.

22.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its June 1, 2012 voicemail message, NCO failed to meaningfully disclose its identity to Plaintiff.

23.     In connection with the collection of an alleged debt in default, NCO placed a non-emergency call to Plaintiff's cellular telephone on June 4, 2012 at 9:43 A.M., and at such time, left a voicemail message containing 2 seconds of dead air.

24.     In its June 4, 2012 voicemail message, NCO failed to notify Plaintiff that the communication was from a debt collector.

25.     In its June 4, 2012 voicemail message, NCO failed to disclose its true corporate or business name in a telephone call to Plaintiff.

26.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its June 4, 2012 voicemail message, NCO failed to meaningfully disclose its identity to Plaintiff.

27.     In connection with the collection of an alleged debt in default, NCO placed a non-emergency call to Plaintiff's cellular telephone on June 5, 2012 at 3:42 P.M., and at such time, left a voicemail message containing 16 seconds of dead air.

28.     In its June 5, 2012 voicemail message, NCO failed to notify Plaintiff that the communication was from a debt collector.

29.     In its June 5, 2012 voicemail message, NCO failed to disclose its true corporate or business name in a telephone call to Plaintiff.

30.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its June 5, 2012 voicemail

message, NCO failed to meaningfully disclose its identity to Plaintiff.

31.     In connection with the collection of an alleged debt in default, NCO placed a non-emergency call to Plaintiff's cellular telephone on June 6, 2012 at 5:56 P.M., and at such time, left a voicemail message containing 2 seconds of dead air.

32.     In its June 6, 2012 voicemail message, NCO failed to notify Plaintiff that the communication was from a debt collector.

33.     In its June 6, 2012 voicemail message, NCO failed to disclose its true corporate or business name in a telephone call to Plaintiff.

34.     In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name, in its June 6, 2012 voicemail message, NCO failed to meaningfully disclose its identity to Plaintiff.

35.     In addition to the above-referenced calls, NCO placed non-emergency calls to Plaintiff's cellular telephone using an automatic dialing system, including, but not limited to, calls placed on the following dates and times:

- May 25, 2012 at 5:39 P.M.;
- May 30, 2012 at 12:58 P.M.;
- June 1, 2012 at 1:48 P.M.;
- June 4, 2012 at 5:14 P.M.;
- June 5, 2012 at 8:54 A.M.;
- June 5, 2012 at 9:34 A.M.;
- June 5, 2012 at 10:25 A.M.;
- June 5, 2012 at 1:35 P.M.;
- June 6, 2012 at 9:59 A.M.;
- June 6, 2012 at 10:51 A.M.;
- June 6, 2012 at 3:43 P.M.;
- June 6, 2012 at 7:50 P.M.;
- June 7, 2012 at 9:36 A.M.;
- June 7, 2012 at 6:58 P.M.;
- June 7, 2012 at 7:58 P.M.;
- June 7, 2012 at 8:31 P.M.;
- June 8, 2012 at 10:42 A.M.;
- June 9, 2012 at 9:33 A.M.;

- June 9, 2012 at 10:34 A.M.;
- June 9, 2012 at 12:20 P.M.;
- June 9, 2012 at 2:38 P.M.;
- June 9, 2012 at 5:21 P.M.;
- June 11, 2012 at 9:49 A.M.;
- June 11, 2012 at 11:48 A.M.;
- June 11, 2012 at 1:36 P.M.;
- June 11, 2012 at 2:58 P.M.;
- June 11, 2012 at 5:12 P.M.;
- June 11, 2012 at 5:17 P.M.;
- June 11, 2012 at 6:27 P.M.;
- June 11, 2012 at 6:53 P.M.;
- June 11, 2012 at 8:00 P.M.;
- June 12, 2012 at 8:35 A.M.;
- June 12, 2012 at 10:23 A.M.;
- June 12, 2012 at 12:25 P.M.;
- June 12, 2012 at 6:36 P.M.;
- June 12, 2012 at 7:44 P.M.;
- June 12, 2012 at 8:00 P.M.;
- June 13, 2012 at 9:27 P.M.;
- June 13, 2012 at 10:24 A.M.;
- June 13, 2012 at 5:14 P.M.;
- June 13, 2012 at 7:49 P.M.;
- June 14, 2012 at 9:31 A.M.;
- June 14, 2012 at 10:32 A.M.;
- June 14, 2012 at 4:48 P.M.;
- June 14, 2012 at 7:25 P.M.;
- June 14, 2012 at 8:24 P.M.;
- June 18, 2012 at 3:24 P.M.; and
- June 18, 2012 at 3:28 P.M..

36.    Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

37.    NCO did not place any telephone calls to Plaintiff for emergency purposes.

38.    Each and every telephone call NCO placed to Plaintiff was in connection with the collection of a debt.

39.    NCO did not have Plaintiff's prior express consent to call Plaintiff on his

cellular telephone number.

40.   Upon information and good-faith belief, NCO placed the telephone calls to Plaintiff identified above voluntarily.

41.   Upon information and good-faith belief, NCO placed the telephone calls to Plaintiff identified above under its own free will.

42.   Upon information and good-faith belief, NCO had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

43.   Upon information and good-faith belief, NCO intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

44.   Upon information and good-faith belief, NCO maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

45.   Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

46.   Plaintiff repeats and re-alleges each and every allegation contained above.

47.   NCO violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)   Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

   b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

48.    Plaintiff repeats and re-alleges each and every allegation contained above.

49.    NCO violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 47 U.S.C. 227(b)(1)(A)(iii)

50.     Plaintiff repeats and re-alleges each and every allegation contained above.

51.     NCO violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)  Adjudging that Defendant violated  47 U.S.C. § 227(b)(1)(A)(iii);

   b)  Awarding  Plaintiff  statutory  damages,  pursuant  to  47  U.S.C.  §
       227(b)(3)(B), in the amount of $500.00 per violation;

   c)  Awarding  Plaintiff  statutory  damages,  pursuant  to  47  U.S.C.  §
       227(b)(3)(C), in the amount of $1,500.00 per violation;

   d)  Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

   e)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this
       action;

   f)  Awarding Plaintiff any pre-judgment and post-judgment interest as may
       be allowed under the law.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692d(6)

52.     Plaintiff repeats and re-alleges each and every allegation contained above.

53.     NCO violated 47 U.S.C. 227(b)(1)(A)(iii) by willingly and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice..

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT V

54.   Plaintiff repeats and re-alleges each and every allegation contained above.

55.   Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

h) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

i) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

j) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

k) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

l) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

### TRIAL BY JURY

56. Plaintiff is entitled to and hereby demands a trial by jury.


This 27th day of July, 2010.


ATTORNEYS FOR PLAINTIFF
Patricia Nowakowski

Respectfully submitted,


Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

*Weisberg & Meyers, LLC*
80 Broad Street, 5th Floor
New York, NY 10004

*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012

Exhibit "A"

# WEISBERG & MEYERS, LLC

## ATTORNEYS FOR CONSUMERS

(PLEASE DIRECT MAIL TO OUR CORPORATE OFFICE IN PHOENIX)
5025 NORTH CENTRAL AVE, #602
PHOENIX, ARIZONA 85012
WWW.ATTORNEYSFORCONSUMERS.COM
TOLL FREE NATIONWIDE 1-888-595-9111
866-565-1327 FACSIMILE

EXTENSION: 412
E-MAIL: DKURZ@ATTORNEYSFORCONSUMERS.COM

WRITER LICENSED IN:
NEW YORK; TEXAS
GEORGIA, NEW JERSEY AND
WASHINGTON

March 15, 2012

Sent Via Certified Mail
Tracking Number 7011 2970 0003 3670 8099

GE Money Bank
Attn: Legal Department
170 West Election Road, Suite 125
Draper, UT 84020

RE:   Patricia Nowakowski
      9163 Griffon Avenue
      Niagara Falls NY 14304
      Account ending in 0548

To Whom It May Concern:

Please be advised that this office represents the above-named individual regarding the aforementioned account.

Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them. As we are assisting our client with regard to all aspects of this account, should you forward the account to an agent and/or assignee for any purpose after receiving this notice, we expect that you will inform the agent and/or assignee that our client is represented by this office, and instruct the agent and/or assignee to solely communicate with this office, as direct contact would be improper. We reserve the right to seek injunctive relief and damages under federal and state law should you fail to honor these directives.

The purpose of this letter is to begin a settlement dialogue. However, prior to recommending any settlement, we first need validation of the subject account, including a full accounting history (e.g., principal, interest, collection fees, payments made, etc.). Until this full accounting is provided, you are to consider this debt disputed and to govern yourself accordingly (for example, but not limitation, to cease collection efforts until the debt is validated and to update any credit reporting as such).

Although at this time our notice of representation pertains to negotiating a resolution of this alleged debt, our client has authorized us to review the collection activity of all creditors and collectors with whom he/she is dealing to determine if all relevant state and federal collection, credit reporting, credit billing and lending laws, fund transfer laws, and telephone calling laws have been complied with. This may include a review of our client's collection notes and logs, if any, phone recordings, if any, and your collection file should this matter go to suit to collect the alleged debt. Should any violations be found to have occurred, you are advised this Office has been directed to prosecute any such claims to the fullest extent possible and to seek the maximum damages available under the law, including payment of our attorney fees pursuant to fee shifting provisions found under state and federal consumer protection laws such as the FDCPA, FCRA, FCBA, TILA, TCPA, EFTA, ECOA, CLA and/or other state law provisions.

Please provide the aforementioned accounting, along with your current settlement demand as soon as possible so we can determine if this account is appropriate for settlement. We hope this matter can be resolved amicably for our client's benefit, as well as yours.

Best regards,

Dennis R. Kurz
Attorney at Law

DK/lb